**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ALFONSO SIRINGORINGO, | No. 08-73508 |
| Petitioner, | Agency No. A095-629-764 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2010[**]

Before:      O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

Alfonso Siringoringo, a native and citizen of Indonesia, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from

the immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and review for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and grant in part the petition for review, and we remand.

In his opening brief, Siringoringo fails to challenge the IJ's dispositive determination that his asylum claim was time-barred, and he also does not raise any substantive challenge to the denial of his CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues that are not addressed in the argument portion of a brief are deemed waived). Accordingly, we deny the petition as to these claims.

Siringoringo's contention that the agency erred in failing to consider his country condition evidence is belied by the record.

We lack jurisdiction to consider Siringoringo's contentions based on being a member of the "Medanese tribe" because he did not exhaust them before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Siringoringo does not argue he suffered past persecution as a Christian in Indonesia, but he contends that he has shown a likelihood of future persecution as a member of a disfavored group and because of a pattern and practice of persecution. Substantial evidence supports the IJ's finding that Siringoringo failed to establish a

pattern or practice of persecution of Christians in Indonesia. *See Wakkary*, 558

F.3d at 1060-62. However, the IJ found the disfavored group analysis did not

apply to Siringoringo's claims, and did not consider it when she denied relief.

Because the IJ did not have the benefit of our recent decision in *Tampubolon v.*

*Holder*, 610 F.3d 1056 (9th Cir. 2010), we remand for the agency to assess

Siringoringo's withholding of removal claim under the disfavored group analysis

in the first instance. *See Wakkary*, 558 F.3d at 1060-67; *see also INS v. Ventura*,

537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part;**

**REMANDED.**